CHARLES T. WRIGHT, ESQ.
Nevada Bar No. 10285
PIET & WRIGHT
777 N. Rainbow Boulevard, Suite 390
Las Vegas, Nevada 89107
*Attorneys for Debtor*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>DALTON, TIFFANEE<br><br>Debtor(s). | CASE NO.: BK-S-10-27135-BAM<br><br>IN CHAPTER 11 PROCEEDINGS |

## DEBTOR'S FIFTH AMENDED PLAN OF REORGANIZATION

In accordance with 11 U.S.C. §1121 and §1106, Tiffanee Dalton (hereinafter referred to as "Debtor"), the Debtor herein, by and through her attorney, CHARLES T. WRIGHT, ESQ., of the law firm of PIET & WRIGHT, file this Debtor's Fifth Amended Plan of Reorganization (hereinafter referred to as the "Plan").

## I. DEFINITIONS

The following terms, when used in the Plan, shall unless the context otherwise requires, have the following meanings, respectively:

1. **"Administrative Claim"** shall mean any claim constituting a cost or expense of administration of the Chapter 11 Case under subsections 503(b) and 507(a)(2) of the Bankruptcy Code (hereinafter referred to as the "Code"), including, without limitation, any actual and necessary expenses of preserving the estate of the Debtor, any actual and necessary expenses of operating the business of the Debtor, all compensation or reimbursement of expenses to the extent allowed by the Bankruptcy Court under section 330 or 503 of the

1

Bankruptcy Code, and any fees or charges assessed against the estate of the Debtor under section 1930, chapter 123 of title 28 of the United States Code.

2.    **"Administrative Claimant"** shall mean any Person, including a Professional, entitled to payment on account of an Administrative Claim.

3.    **"Allowed Amount"** shall mean the dollar amount of a claim approved and allowed by final order of the Bankruptcy Court.

4.    **"Bankruptcy Code"** is the Bankruptcy Code of 1978 as contained in Title 1.1 U.S.C. Section 101 et seq. and amendments thereto.

5.    **"Business Day"** shall mean any day other than Saturday, Sunday, a legal holiday or a day on which national banking institutions in Nevada are authorized or obligated by law or executive order to close.

6.    **"Bar Date"** is the deadline previously established by the court, after which any proof of claim filed will have no effect on this Plan and no right to participate with other creditors under the Plan. Pursuant to the Notice of Meeting of Creditors promulgated by the Court, the bar date occurs 90 days after the first date set for the meeting of creditors. In the instant case, the meeting of creditors was held on October 28, 2010, and the bar date is January 26, 2011.

7.    **"Claim"** shall mean a right to payment from the Debtor's Estate, which is evidenced by a timely filed Proof of Claim which is allowed by the Court, or if a Proof of Claim is not filed by the creditor, a right which otherwise appears in the Debtor's bankruptcy schedules and (i) is not listed as disputed, contingent or unliquidated, (ii) has not been resolved by Final Order of the Court in this reorganization case or, (iii) which has been otherwise satisfied.

8.    **"Class"** shall mean any class into which Claims are classified.

2

9.    **"Confirmation"** shall mean the entry by the Bankruptcy Court of an order confirming the plan in accordance with Chapter 11 provisions of the Bankruptcy Code.

10.    **"Confirmation Date"** shall mean the date set by the Court pursuant to § 1128 of the Bankruptcy Code for hearing on confirming the Plan on which the Court determines that the Plan meets the requirements of Chapter 11 of the Bankruptcy Code and is entitled to confirmation.

11.    **"Confirmation Hearing"** shall mean the hearing conducted on January 8th at 9:00 am. by the Bankruptcy Court pursuant to section 1128 of the Bankruptcy Code and Bankruptcy Rule 3020(b) to consider confirmation of the Plan.

12.    **"Confirmation Order"** shall mean an order entered by the Court confirming the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

13.    **"Court"** shall mean the United States Bankruptcy Court for the District of Nevada, including the Bankruptcy Judge presiding in the Chapter 11 case of the Debtor.

14.    **"Creditors"** shall mean all creditors of the Debtor holding claims for debts, liabilities, demands or claims of any character whatsoever, as defined in § 101(10) of the Bankruptcy Code.

15.    **"Creditors Committee"** shall mean the Creditors Committee appointed by order of the Court, the members thereof and any successor members.

16.    **"Debtor"** shall mean Tiffanee Dalton.

17.    **"Debtor's Assets"** shall mean all right, title and interest in and to all property of every kind of nature, whether known or unknown, owned by Debtor or the Estate, including, but not limited to, any cash, real property interests, tax-refunds, equipment, furniture, or other tangible property, accounts receivable, work-in-process, contract rights, insurance policies, intangible property, books and records, and whether

known or unknown, causes of action, including, but not limited to, (i) all claims and rights against insiders and affiliates of Debtor and third parties and (ii) all claims and rights arising under or related to the Bankruptcy Code, including but not limited to, sections 362, 505, 506, 510, 541, 542, 543, 544, 545, 547, 548, 549, 550, 551, 552 and 553 of the Bankruptcy Code.

18.    **"Discharge"** shall mean that, after confirmation of the Plan upon notice and hearing by the Court to determine cause to close the case and issue a final decree and the final discharge, is intended to, will, and does fully discharge the Debtor as provided in Section 1141(d) of the Bankruptcy Code and the Plan does not provide for exceptions to discharge under 1141(d)(5), except as to any post-petition claims.

19.    **"Disputed Claim"** shall mean a Claim against the Debtor (a) that is listed in the Debtor's Schedules as disputed, contingent or unliquidated; (b) that is not listed in the Debtor's Schedules, but as to which a proof of claim has been filed with the Bankruptcy Court; or (c) as to which an objection has been or may be timely filed and has not been denied by Final Order. To the extent an objection related to the allowance of only part of a claim, such claim shall be a Disputed Claim only to the extent of the objection.

20.    **"Distribution Date"** shall mean the date designated by the Plan on which distribution of payment of Dividends to Allowed Unsecured Claims.

21.    **"Dividend"** shall mean a payment in cash in the amount provided by the Plan for a designated class of claimants.

22.    **"Effective Date"** shall mean the thirtieth (30th) day following the date of the order confirming the plan, if no notice of appeal is timely filed, or if a notice of appeal is filed, during which time no motion for stay pending appeal is granted or supersedes

bond is approved and filed; but, in the event a stay is granted or supersedes bond is approved and filed, then it shall be the date on which the order confirming plan is a final order.

23.    **"Final Decree"** shall mean the order of the Court entered upon notice and hearing, after all payments and distributions of monies called for under the Plan have been made (i) making provision by way of injunction or otherwise as maybe equitable, and (ii) closing the reorganization case.

24.    **"Final Order"** shall mean an order of the Court which, not having been reversed, modified or amended and not being stayed, and the time to appeal from which or to seek review or rehearing of which having expired, has become conclusive of all matters adjudicated thereby and is in full force and effect.

25.    **"Insider"** shall have that meaning defined by 11 U.S.C. §101(31).

26.    **"Lien"** shall mean mortgage, pledge, judgment lien, security interest, charging order, or other charge or encumbrance on property which is effective under applicable law as of the date of the commencement of the reorganization case.

27.    **"Official Committee of Creditors"** shall mean those creditors appointed by the Office of the United States Trustee to serve in this case.

28.    **"Plan"** shall mean this Plan of Reorganization in its present form or as it may be amended, modified or supplemented.

29.    **"Priority Claim"** shall mean those allowed claims which are entitled to the priority provided for under §507(a) of the Bankruptcy Code.

30.    **"Pro Rata Share"** shall mean the amount which is the result of multiplying the monies available for distribution to a named class of creditors by that fraction in which the numerator is the allowed amount of a particular claim in the named class and the

denominator is the total of the amounts of all the claims in the named class.

31.    **"Reorganized Debtor"** shall mean the Debtor after the entry of Order Confirming the Plan.

32.    **"Secured Claim"** shall mean the claim of any creditor secured by liens on property, which liens are valid, perfected, and enforceable under applicable law, and are not subject to avoidance under the Bankruptcy Code or other applicable non-bankruptcy law, and are duly established in this case, to the extent of the value of the security, as determined in accordance with §506 of the Bankruptcy Code.

33.    **"Tax Claim"** shall mean a claim described in 11 U.S.C. §507(a)(8) together with all accrued interest and penalties, which is also a Secured Claim.

34.    **"Substantial Consummation"** shall occur upon the payment of the first Distribution under the Plan.

35.    **"Unsecured Claims"** shall mean all business claimants or other claimants of any nature, holding claims for unsecured debts, liabilities, demands or claims of any character whatsoever.

36.    **"Unsecured Creditor"** shall mean the holder of an unsecured claim.

37.    "**Disbursement Agent**" shall mean the law office of Piet & Wright.

## General Terms and Conditions

This Plan is intended to deal with all claims against the Debtor of whatever character, whether or not contingent or liquidated, and whether or not allowed by the Court pursuant to §502(a) of the Bankruptcy Code. However, only those claims allowed pursuant to §502(a) of the Bankruptcy code will receive treatment afforded by the Plan.

## II.  CLASSES OF CREDITORS AND SPECIFIC TREATMENT OF CLAIMS

The Plan of Reorganization proposes the continued operation of the Debtor's business

with the net profits to be utilized to fund the Plan. The Debtor's Plan of Reorganization will provide for classification of creditors in accordance with the United States Bankruptcy Code.

## Holders of Secured Claims

Pursuant to the Bankruptcy Code, Claims which are secured by a lien or other security interest may be categorized into a secured and an unsecured component. In general, Claims are Secured Claims to the extent of the value of the collateral that secures the Claims and they are Unsecured Claims to the extent of any deficiency in the value of the collateral. All payment on secured claims will be paid based on the value of the property.

The secured creditors in this case are listed as follows:

| | | |
|---|---|---|
| BAC Home Loans Servicing | in the amount of | $106,000.00 |
| U.S. Bank National Assoc. | in the amount of | $285,000.00 |
| Ford Motor Credit | in the amount of | $16,875.00 |

## Holders of Unsecured Claims

The Debtor's Schedules contain a list of unsecured claims. This list was compiled from data from the Debtor's records and may not be entirely accurate. Creditors should consult the Schedules attached as **Exhibit "A".** The total amount of unsecured claims is $469,342.87. The last day to file a proof of claim is to be set by the Court. The Debtor has reviewed both the schedules and the claims filed to determine the accuracy of both. Debtor disputes Claim No. 6 as creditor Arizona Central Credit Union has filed two claims (Claim No. 6 and Claim No. 13) for the same piece of collateral, the Ford F350 truck. Debtor has based this plan on Claim No. 13 as it was filed later in time and therefore reflects the most up to date claim amount as to this collateral.

The Debtor reserves the right, in the event he is unable to make the full quarterly or monthly payment to any Class of Creditors, ("the affected Class"}, in any given year, to pay the unpaid amount over the remaining three quarters of that year. In the event the Debtor is

unable to make a quarterly payment, the Debtor shall send notice of the inability to make the payment to all of the Creditors in the affected Class. The Creditors in the affected Class shall have the right, with reasonable notice, to audit the Debtor's books and records from the prior quarter to determine that a payment is not able to be made during that quarter. Such a delay in payment shall not constitute a default under the Plan of Reorganization. The Debtor shall be allowed only one missed payment per Class per twelve (12) month period and shall bring the missed payment current during the following 11 months.

The Debtor's Plan of Reorganization will provide for classification of creditors in accordance with the United States Bankruptcy Code.

### Unclassified Claims

Certain types of claims are automatically entitled to specific treatment under the Code.  They are not considered impaired, and holders of such claims do not vote on the Plan. They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Code.  In accordance with section 1123(a)(1) of the Bankruptcy Code, administrative expense claims, and priority tax claims are not in classes.

**Administrative Expense Claims**.  Each holder of an administrative expense claim allowed under Section 503 of the Bankruptcy Code will be paid in full on the effective date of this Plan, in cash, through the Debtor's monthly plan payments, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

**Priority Tax Claims**.  Each holder of a priority tax claim will be paid in full on the effective date of this Plan, in cash, through the Debtor's monthly plan payments, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

**Professional Fees.**  Administrative claims are unimpaired and are Claims entitled to priority by Section 507(a)(1) of the Bankruptcy Code and will consist of fees for services

rendered and expenses incurred by the Court appointed Counsel and other professional persons for the Debtor prior to the effective date of the Plan, as the same are finally approved and allowed by final order of the Court, and any other expenses incurred during the course of the Chapter 11 proceeding that have not yet been paid.  The members of this class include the law firm of PIET & WRIGHT, Counsel for the Debtor.

All professional fees claims shall be paid in cash and in full in such amounts as may be allowed and approved by the Court on the effective date or after such claims are finally allowed, whichever is later, by the Debtor to the extent of available funds, or such claims may be paid in accordance with any agreement or waiver. The anticipated total fees to be paid in this class are in the range of $30,000.00 to $40,000.00, to the Debtor's Attorneys, inclusive of the retainer.  The anticipated payments on these claims are set forth on **Exhibit "A,"** attached hereto.  As evidenced in **Exhibit "B"** to Debtor's Disclosure Statement, Debtor's monthly payment of attorney's fees shall consist of $725.00 per month, until such allowed administrative expense is paid in full.

**<u>The United States Trustee.</u>**    Administrative expenses claims of the United States Trustee are unimpaired and consist of the post confirmation claim of the office of the United States Trustee for its fees from the date of confirmation until the Chapter 11 file is closed by the Bankruptcy Clerk. These fees are based on the amount of disbursements made by the Debtor and are paid on a quarterly basis. The Reorganized Debtor shall timely pay post-confirmation quarterly fees assessed pursuant to 28 U.S.C. § 1930 (a)(6) until such time as this Bankruptcy Court; enters a final decree closing this Chapter 11 case, or enters an order either converting this case to a case under Chapter 7 or dismissing this case. After confirmation, the Reorganized Debtor shall file with this Bankruptcy Court and shall serve on the United States Trustee a financial report for each month, or portion thereof, that this

9

Chapter 11 case remains open in a format prescribed by the United States Trustee.

In the event that the Debtor owes pre-confirmation U.S. Trustee's fees on the date of confirmation, the Debtor shall pay all past-due fees to the U.S. Trustee on or before the effective date of the Plan.

## Classified Claims

**Secured Claims**

Valuation was achieved through full property appraisals by licensed Nevada Appraisers, copies of which have been supplied to interested parties. You may receive a copy of an appraisal from counsel for the Debtor by sending a request to Piet & Wright, 777 N. Rainbow Blvd., Suite 390, Las Vegas, NV 89107. These claims are secured by UCC filing statements with liens against the real property against the Debtor and will be paid monthly in the amounts listed above and for the time period specified for each loan.

Adequate protection orders entered into on these properties will terminate upon the acceptance of the plan and the regular payments will begin as detailed above in the 1st month following plan acceptance. The Debtor is responsible to pay all post petition taxes and will hold insurance on the subject properties.

In the event of a default, there will be full reinstatement of the collection powers and rights of these secured creditors as they existed prior to the filing of the bankruptcy petition in this case, including, but not limited to, the filing of Notices of Default and the powers of foreclosure and sale of the defaulted property.

**Class 1.** Class 1 is impaired and consists of a secured claim, on the rental property of the Debtor, located at 8242 Annual Ridge Street, Nevada 89139, as follows:

| Secured Creditor | Interest | Term | Principal | Payment |
|---|---|---|---|---|
| BAC Home Loans Servicing | 5.25% | 30 years | $108,000.00 | $596.37 |

| | | | |
|---|---|---|---|
| Escrow Shortage | 0.0% | 5 years | Amount determined on date of Plan Confirmation |

Debtor shall maintain an escrow account with BAC Home Loans Servicing in connection with the Loan for the insurance and property taxes on the property in the amount of $339.42 which may change as escrow needs are reanalyzed. Liens on the subject property will be retained to full amount of secured claim until secured claim is paid in full. An additional 7% pre-payment penalty, based upon balance due, will be payable if the subject loan is paid off or the subject property is sold prior to five (5) years from the date of confirmation.

The claim is secured by liens on the real property and will be paid monthly during the plan in regular amounts of  the totals listed in the above table in the payment column and shall continue at the above interest rate and term specified.

**Class 2.**  Class 2 is impaired and consists of a secured claim, on the rental property of the Debtor, located at 395 Glocker Court, Henderson, Nevada 89012, as follows:

| **Secured Creditor** | **Interest** | **Term** | **Principal** | **Payment** |
|---|---|---|---|---|
| U.S. Bank National Assoc. | 5.25% | 30 years | $285,000.00 | $1,573.78 |
| Escrow Shortage | 0.0% | 5 years | Total amount will be determined on the date of Plan confirmation | |

Debtor shall maintain an escrow account with US Bank in connection with the Loan for the insurance and property taxes on the property in the amount of $438.65 which may change as escrow needs are reanalyzed. Liens on the subject property will be retained to full amount of secured claim until secured claim is paid in full. An additional 7% pre-payment penalty, based upon balance due, will be payable if the subject loan is paid off or the subject property is sold prior to five (5) years from the date of confirmation.

The claim is secured by liens on the real property and will be paid monthly during the

11

plan in regular amounts of the totals listed in the above table in the payment column and shall continue at the above interest rate and term specified.

A failure by the Reorganized Debtor to make a Plan payment to Class 2 pursuant to the terms of the Plan shall be an event of default.   In the event of a total default, there will be full reinstatement of the collection powers and rights of the Class 2 creditor as they existed prior to the filing of the bankruptcy petition in this case, including, but not limited to, the assessment of taxes, the filing of Notices of Tax Liens and the powers of levy, seizure and sale.

**Class 3.**  Class 3 is unimpaired and consists of a secured claim, on the vehicle of the Debtor, 2008 Ford Explorer, as follows:

| **Secured Creditor** | **Interest** | **Term** | **Principal** | **Payment** |
|---|---|---|---|---|
| Ford Motor Credit | According to Current Terms | | $6,443.92 | $722.12 |

The claim is secured by liens on the personal property and will be paid monthly during the plan in regular amounts of the totals listed in the above table in the payment column and shall continue at the above interest rate and term specified.

In the event of a total default, there will be full reinstatement of the collection powers and rights of the Class 3 creditor as they existed prior to the filing of the bankruptcy petition in this case, including, but not limited to, the assessment of taxes, the filing of Notices of Tax Liens and the powers of levy, seizure and sale.

A failure by the Reorganized Debtor to make a Plan payment to Class 3 pursuant to the terms of the Plan shall be an event of default. If the Reorganized Debtor fails to cure an event of default as to payments within ten (10) calendar days after service of a written notice of default from a priority creditor, then the priority creditor may (a) enforce the entire amount of its claim, (b) exercise any and all rights and remedies under applicable non-bankruptcy law

of the creditor's state, and (c) seek such relief as may be appropriate in this Court.

**Taxing Authorities & Priority Claims**

**Class 4.** The Internal Revenue Service (IRS) has a claim for $14,219.55. This includes an unsecured priority claim of $11,926.68 and an unsecured general claim of $2,292.87. As to the unsecured priority claim, the payment term starts on the date the petition was filed and continues for five years with monthly payments of $55.37. This balance will accrue interest at four percent (4%). The remaining unsecured general claim will receive a pro rata share like the other unsecured claims. Default of the Plan shall be defined as the failure of the proponent of the plan to make payments or perform any action required to be made under the terms of the confirmed plan.

In the event of a default, there will be full reinstatement of the administrative collection powers and rights of this Taxing Authority as they existed prior to the filing of the bankruptcy petition in this case, including, but not limited to, the assessment of taxes, the filing of Notices of Tax Liens and the powers of levy, seizure and sale.

A failure by the Reorganized Debtor to make a Plan payment to priority tax creditors pursuant to the terms of the Plan shall be an event of default. If the Reorganized Debtor fails to cure an event of default as to tax payments within ten (10) calendar days after service of a written notice of default from a priority tax creditor, then the priority tax creditor man (a) enforce the entire amount of its claim, (b) exercise any and all rights and remedies under applicable non-bankruptcy law of the tax creditor's state, and (c) seek such relief as may be appropriate in this Court.

**Unsecured Claims**

**Class 5**. Class 5 is impaired and consists of all allowed unsecured creditor claims. The members in this class shall receive 1% of their claim. All Class 5 creditors shall be paid

their Pro Rata share of the funds in the Unsecured Creditors' Fund quarterly over a period of five (5) years beginning in the first year after the Effective Date of the Plan and continuing for 60 months (20 quarters) within the plan period. The Unsecured Creditors' Fund shall be funded by a payment of $189.75 per quarter by the Debtor.

### III.  BAR DATES FOR FILING PROOFS OF CLAIM

Any creditor desiring to receive a distribution under the provisions of this Plan, and whose claim is not evidenced by a court order or set forth on the Debtor's schedules, must file a proof of claim or request for compensation with the Bankruptcy Court not later than January 26, 2011. This bar date is set by the Bankruptcy Court and noticed to all creditors pursuant to the Notice of Creditor's Meeting.

The Debtor has filed as a part of its schedules a list of all creditors, setting forth the identity of each creditor and an indication of the amount due to each creditor. Unless a claim is listed as disputed, contingent or unliquidated, each creditor's claim will be allowed in the amount and status stated on the Debtor's schedules. Failure to file a timely proof of claim will force a creditor to accept the amount of his/her claim as listed on the Debtor's schedules.

Claims listed as disputed, contingent, or unliquidated will not be allowed unless a proof of claim with all supporting documents are filed prior to the Bar date. In the event a creditor has filed a proof of claim in these proceedings with which the Debtor disagrees, the Debtor has the option to file an objection to that claim and request the Court to determine the true value of the claim. The Debtor shall attempt to resolve all objections to claims prior to confirmation. However, the Debtor shall have 120 days from the effective date of the Plan to file objections to claims.

Any proof of claim for a debt listed on the Debtor's Schedules as disputed, contingent,

14

or unliquidated which is not timely filed shall be of no force and effect. No distribution will be made to any creditor that has not timely complied with this provision

## IV. TRANSFER OF CLAIMS

In the event any creditor shall transfer its claim, it shall do so only in compliance with Bankruptcy Rule 3001, and it shall promptly notify the Debtor in writing of such transfer. The Debtor shall be entitled to assume that no such transfer of any claim has been made by any creditor until after compliance and receipt of notice. Each transferee of any claim shall take the claim subject to the provisions of the Plan and to any request made, waiver or consent given, or other action taken under the Plan; and except as expressly otherwise provided in the notice. The Debtor shall be entitled to assume conclusively that the transferee named in the notice shall thereafter be vested with all rights and powers under the Plan of the transferor with respect thereto.

## V.  MEANS FOR EXECUTION OF THE PLAN

**Plan Distributions**

The Plan sets forth the amount and timing of distributions that are to be made to holders of Claims. The Debtor will work as the disbursing agents.  All rents received for Debtor's properties will be first devoted to principal and interest payments to secured creditors, maintenance and repairs for each property, taxes, insurance, and management.  All other "current monthly income" of Debtor will be utilized to pay unsecured creditors as required by the confirmed Plan over the 60 month period.

**Vesting of Property of the Estate in the Reorganized Debtor**

On the Effective Date of the Plan all property of the Debtor and of the Estate shall vest in the Reorganized Debtor free and clear of liens, claims, interests and encumbrances arising on or before the Effective Date, except as otherwise provided in the Plan or the

15

Confirmation Order. If the Reorganized Debtor defaults in performing under the provisions of this Plan and this case is converted to a case under Chapter 7 prior to Substantial Consummation of this Plan, all property vested in the Reorganized Debtor and all subsequently acquired property owned by the Reorganized Debtor as of or after the conversion date shall revert in the Debtor and constitute property of the bankruptcy estate in the converted case.

**Discharge Generally**

Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments to unsecured creditors under this Plan, which is 5 years or 20 quarterly payments, or as otherwise provided in § 1141(d)(5) of the Code.  The Debtor will not be discharged from any debt excepted from discharge under §523 of the code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

**Employment of Professionals and Experts**

The Reorganized Debtor may, but shall not be required to, consult with attorneys, accountants, appraisers, brokers or other parties necessary to assist in the proper administration of this Plan and the affairs of the Reorganized Debtor. The Reorganized Debtor may select and employ such persons without Bankruptcy Court review or approval.

**Records**

The Reorganized Debtor shall maintain books and records relating to the affairs of the Reorganized Debtor, and all expenses incurred by or on behalf of the Reorganized Debtor. The Reorganized Debtor shall also maintain records relating to all distributions either required to be made or effectuated under this Plan.

**VI.  CLAIM OBJECTION**

**Deadline**

The Reorganized Debtor shall have the express right to object to the allowance of any Claims provided for under the Plan. All Claim objections must be filed within 120 days after the Effective Date of the Plan. All requests for a determination under 11 U.S.C. § 505 must be filed within 120 days after the Effective Date of the Plan.

**Distributions to Holders of Disputed General Unsecured Claims**

At such time as a disputed general unsecured claim becomes an allowed claim, then the Reorganized Debtor shall pay to all of the general unsecured creditors the allowed amount of their claims, or, if the amount available is insufficient to pay all of the claims in full, then each claimant shall receive a pro rata distribution of the proceeds remaining from the sale of the Debtor's real property.

**Provisions Governing Distributions**

No distributions shall be made to any Class until all of the Claims in that class are resolved and an Allowed Amount is reached either by agreement or by Court Order. Subject to Bankruptcy Rule 9010, distributions to holders of Allowed Claims will be made at the address of each such holder as set forth on the proofs of claim filed by such holders, or at the last known address of such holder if no proof of claim is filed or if the Debtor has been notified in writing of a change of address. If any holder's distribution is returned as undeliverable, no further distributions to such holder will be made unless and until the Reorganized Debtor is notified in writing of such holder's then current address.

All claims for undeliverable distributions must be made on or before the later of the first anniversary of the Effective Date of the Plan, or the ninetieth (90th) day following the date on which such Claim is allowed. After such date, all unclaimed distributions will revert to the Debtor, and the Claim of any holder with respect to such distribution will be discharged and

forever barred. Checks issued in respect of Allowed Claims will be null and void if not negotiated within six (6) months after the date of issuance thereof.

## VII.  CONFIRMATION PROCEDURES

**Confirmation Hearing**

Section 1128(a) requires the Bankruptcy Court, after notice, to hold a hearing on confirmation of the Plan ("Confirmation Hearing"). The Confirmation Hearing will be scheduled before the Honorable Judge Bruce A. Markell on the 4th day of January, 2013 at 9:00 a.m. at 300 Las Vegas Blvd South, Las Vegas, NV 89101 in Courtroom No. 3 on the third floor. The Confirmation Hearing may be adjourned from time to time by the Bankruptcy Court without further notice except an announcement made at the Confirmation Hearing or any adjournment thereof.

Section 1128(b) provides that any party in interest may object to confirmation of the Plan. However, an impaired Creditor, who votes to accept the Plan, may not have standing to object to the Plan. Objections to confirmation of the Plan are governed by Bankruptcy Rule 9014 and any applicable Local Rules of the Bankruptcy Court. Any objection to confirmation must be made in writing and filed with Bankruptcy Court with proof of service and served upon and actually received on or before December 28, 2012.

**UNLESS AN OBJECTION TO CONFIRMATION IS TIMELY SERVED AND FILED, IT WILL NOT BE CONSIDERED BY THE BANKRUPTCY COURT.**

**Statutory Requirements for Confirmation of the Plan**

At the Confirmation Hearing, the Bankruptcy Court will determine whether the Bankruptcy Code's requirements for confirmation of the Plan have been satisfied, in which event the Bankruptcy Court will enter an order confirming the Plan pursuant to section 1129 of the

18

Bankruptcy Code.

The Debtor believes the Plan satisfies all the statutory requirements of Chapter 11 of the Bankruptcy Code, that it has complied or will have complied with all of the requirements of Chapter 11, and that the proposal of the Plan is made in good faith.

The Debtor further believes the holders of all Claims and Equity Interests impaired under the Plan will receive payments or distributions under the Plan having a present value as of the Effective Date in amounts not less than the amounts likely to be received by such holders if the Debtor were liquidated in a case under Chapter 7 of the Bankruptcy Code.

Finally, the Debtor believes confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtor.

## VIII. VOTING PROCEDURES AND REQUIREMENTS

**Ballots and Voting Deadline**

A ballot to be used to vote to accept or reject the Plan is enclosed. A Creditor who is voting must (1) carefully review the ballot and instructions thereon, (2) complete and execute the ballot indicating the Creditor's vote to either accept or reject the Plan and (3) return the executed ballot to the address indicated thereon by the deadline specified by the Bankruptcy Court.

The Bankruptcy Court has directed that, to be counted for voting purposes, ballots for the acceptance or rejection of the Plan must be received by the Debtor on the 28th day of December, 2012.

If you hold an impaired Claim against the Debtor PLEASE return your ballot to:

Charles T. Wright, Esq.
PIET & WRIGHT
777 N. Rainbow Boulevard, Suite 390
Las Vegas, Nevada 89107

19

**TO BE COUNTED, YOUR BALLOT MUST BE RECEIVED ON December 28, 2012.**

**Creditors Entitled to Vote**

Any Creditor whose Claim is impaired under the Plan is entitled to vote, if either (i) the Debtor has scheduled its Claim on its Statement of Liabilities and such Claim is not scheduled as disputed, contingent or unliquidated, or (ii) such Creditor has filed a Proof of Claim on or before the last date set by the Bankruptcy Court for filing Proofs of Claim and no objection has been filed to such Claim.

Holders of Disputed Claims are not entitled to vote on the Plan. Any Claim to which an objection has been filed and remains pending, is not entitled to vote unless the Bankruptcy Court, upon motion by the Creditor who holds a Disputed Claim temporarily allows the Claim in an amount that it deems proper for accepting or rejecting the Plan. Any such motion must be heard and determined by the Bankruptcy Court before the date established by the Bankruptcy Court as the final date to vote on the Plan. In addition, a vote may be disregarded if the Bankruptcy Court determines that the acceptance or rejection of the Plan by the Creditor was not solicited or obtained in good faith or according to the provisions of the Bankruptcy Code.

Classes of Claims that are not impaired are deemed to have accepted a plan of reorganization pursuant to 11 U.S.C. § 1126(f) and, therefore, are not entitled to vote on a plan. Pursuant to 11 U.S.C. § 1126(f), only classes of claims or interests that are "impaired" are entitled to vote on a plan of reorganization. Generally, a claim is impaired if the plan of reorganization alters the legal, equitable, or contractual rights to which the holder of such claim is otherwise entitled.

**Voting Procedures**

Unless otherwise directed by the Bankruptcy Court, all questions as to the validity,

form, eligibility (including time of receipt), acceptance, revocation, or withdrawal of Ballots will be determined by the Debtor, in his sole discretion, and the Debtor's determination will be final and binding. The Debtor also reserves the right to reject any Ballot not in proper form, the acceptance of which would, in the opinion of the Debtor or his counsel, be unlawful. The Debtor further reserves the right to waive any defects or irregularities or conditions or delivery as to any particular Ballot.

The interpretation by the Debtor of the provisions of this Disclosure Statement and the Ballots will be final and binding on the parties in interest unless otherwise directed by the Bankruptcy Court. Unless waived, any defects or irregularities concerning deliveries of Ballots must be cured within such time as the Debtor (or the Bankruptcy Court) determines. Neither the Debtor nor any other Person will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots nor will any of them incur any liability for failure to provide such notification.

Unless otherwise directed by the Bankruptcy court, delivery of Ballots will not be deemed to have been made and will invalidated unless or until all defects and irregularities have been timely cured or waived.

**Vote Required for Class Acceptance**

The Bankruptcy Code defines acceptance of a plan of reorganization by a class of Claims as the acceptance by holders of at least two-thirds (2/3) in dollar amount and more than one-half in number of the Allowed Claims of the Class actually voting to accept or reject the proposed plan of reorganization.

**Specific Considerations in Voting**

All of the foregoing give rise in the instant case to the following implications and risks

concerning the Plan.

1.      While the Plan provides for certain payments at confirmation, such payments will only apply to allowed claims including claims arising from defaults. Under the Bankruptcy Code a claim may not be paid until it is allowed. A claim will be allowed in the absence of objection.

2.      A claim, including a claim arising from default, which has been objected to, will be heard by the Court at a regular evidentiary hearing and allowed in full or disallowed in full or in part. While the Debtor bears the principal responsibility for claim objections, any interested party, including the creditors committee, may file claim objections. Accordingly, payment on some claims, including claims arising from defaults, may be delayed until objections to those claims are ultimately settled.

## IX.  EFFECT OF REJECTION BY ONE OR MORE CLASSES

**Impaired Classes to Vote**

Each impaired class of Claims and Interests shall be entitled to vote separately to accept or reject the Plan. A holder of a Disputed Claim which has not been temporarily allowed for purposes of voting on the Plan may vote only such Disputed Claim in an amount equal to the portion, if any, of such Claim shown as fixed, liquidated and undisputed in the Debtor's Schedules.

**Confirmation without Acceptance of All Impaired Classes**

The Bankruptcy Court may confirm a plan even if not all impaired classes accept the Plan.  For the Plan to be confirmed over the rejection of an impaired class, the proponent must show, among other things, that the plan does not discriminate unfairly and that the plan is fair and equitable with respect to each impaired class that has not accepted the plan.

Under Section 1129(b) of the Bankruptcy Code, a plan is "fair and equitable" as to a

class if, among other things, the plan provides: (a) with respect to secured claims, that each holder of a claim included in the rejecting class will receive or retain, on account of its claim, property that has a value as of the Effective Date of the plan, equal to the allowed amount of such claim; and (b) with respect to unsecured claims and interest, that the holder of any claim or interest that is junior to the claims or interest of such class will not receive or retain, on account of such junior claim or interest, any property unless the senior class is paid in full. The Bankruptcy Court must further find that the economic terms of a plan do not unfairly discriminate as provided in Section 1129(b) of the Bankruptcy Code with respect to the particular objecting class.

**THE DEBTOR BELIEVES THE PLAN HAS BEEN STRUCTURED SO IT WILL SATISFY THE REQUIREMENTS OF SECTION 1129(b) OF THE BANKRUPTCY CODE AND CAN BE CONFIRMED OVER THE REJECTION OF THE PLAN BY SECURED CREDITORS, IF A CRAMDOWN IS REQUESTED. HOWEVER, THE AFFIRMATIVE VOTE OF THE UNSECURED CREDITORS IS NEEDED TO ALLOW FOR PLAN APPROVAL.**

### Acceptance by Class of Creditors

A class shall have accepted the Plan if the Plan is accepted by at least two-thirds (2/3) in amount and more than one-half (1/2) in number of the Allowed Claims of such class that have voted to accept or reject the Plan.

### Reservation of Cram Down Rights

In the event any impaired class shall fail to accept this Plan in accordance with section 1129 (a) of the Bankruptcy Code, the Debtor reserves the right to request the Bankruptcy Court to confirm the Plan if, as to each impaired class which has not accepted the Plan, the Plan does not discriminate unfairly and is "fair and equitable". A plan of reorganization does

23

not discriminate unfairly with the meaning of the Bankruptcy Code if no class receives more than it is legally entitled to receive for its claims or equity interests.

## X.  EFFECT OF CONFIRMATION

**Precedent to Effectiveness of Confirmation Order and Plan**

The Plan will not be effective unless (a) the Confirmation Order becomes a Final Order; and, (b) all Plan Documents and other applicable corporate documents necessary or appropriate to the implementation of the Plan have been executed, delivered, and where applicable, filed with the appropriate governmental authorities. The Debtor reserves the right to waive any of the conditions.

**Legally Binding Effect**

The provisions of this Plan shall bind all Creditors and Interest Holders, whether or not they accept this Plan. On and after the Effective Date, all holders of Claims shall be precluded and enjoined from asserting any Claim against the Debtor or its assets or properties based on any transaction or other activity of any kind that occurred prior to the Confirmation Date except as permitted under the Plan.

**Revesting of Property in the Debtor**

Upon the Effective Date of the Plan, all remaining property of the Estate shall vest in and become property of the Reorganized Debtor.

**Liens, Claims and Encumbrances**

Except as otherwise specifically provided in this Plan, or in the Confirmation Order, on the Effective Date of the Plan all property vesting in and becoming property of the Reorganized Debtor shall be free of all liens, claims and encumbrances.

## XI. LEGAL PROCEEDINGS

24

**Post-Petition Legal Proceedings**

The Debtor has not commenced any post-petition lawsuits. No post-petition lawsuits have been commenced against the Debtor.

**Pre-Petition Legal Proceedings**

The Debtor was not involved in any pre-petition lawsuits. However, if she had been, as a result of this bankruptcy case, those proceedings would have been stayed.

**Injunction**

Except as otherwise provided in the Plan, holders of Claims are enjoined from threatening, commencing, or continuing any lawsuit or other legal or equitable action against the Debtor, or his property to recover any claim or interest.

The Nevada Comptroller of Public Accounts (Comptroller) shall not be enjoined by any plan provision from pursuing its enforcement rights against the Debtor's officers, directors, or employees (or contributing partners should they also be officers and directors) for sales taxes that are due. Provided, however, that so long as the Reorganized Debtor is making all required plan payments, the Comptroller shall not pursue those enforcement rights. Any applicable statute of limitations against the collection of a "responsible individual" assessments shall be tolled while plan payments are being made.

## XII. CAUSES OF ACTION

All claims and causes of action, including but not limited to claims recoverable under §550 of the Bankruptcy Code are hereby preserved and retained for enforcement by the Reorganized Debtor after the Effective Date.

**Preferences**

Under the Bankruptcy Code, Debtor may recover certain preferential transfers of

property, including cash, made while insolvent during the 90 days immediately prior to the filing of its bankruptcy petition with respect to pre-existing debts, to the extent the transferee received more than it would have in respect of the pre-existing debt had the Debtor been liquidated under Chapter 7 of the Bankruptcy Code.

In the case of "insiders", the Bankruptcy Code provides for a one-year preference period. There are certain defenses to such recoveries. Transfers made in the ordinary course of the Debtor's and transferee's business according to the ordinary business terms in respect of debts less than 90 days before the filing of a bankruptcy are not recoverable. Additionally, if the transferee extended credit subsequent to the transfer (and prior to the commencement of the bankruptcy case), such extension of credit may constitute a defense to recovery, to the extent of any new value, against an otherwise recoverable transfer of property.

If a transfer is recovered by the Debtor, the transferee has an Unsecured Claim against the Debtor to the extent of the recovery. In this case Debtor made no payments during the preference periods for either regular creditors or insiders.

**Fraudulent Transfers**

Under the Bankruptcy Code and various state laws, the Debtor may recover certain transfers of property, including the granting of a security interest in property, made while insolvent or which rendered the Debtor insolvent. The Debtor reserves the right to bring any fraudulent conveyance claims although it does not believe at this time that any exist.

**Preservation of Claims**

All claims and causes of action, including but not limited to claims recoverable under section 550 of the Bankruptcy Code and claims for the collection of amounts due from any third party, are hereby preserved and retained for enforcement by the Reorganized Debtor after the Effective Date.

## XIII. RETENTION OF JURISDICTION

**Exclusive Bankruptcy Court Jurisdiction**

The Bankruptcy Court shall retain and have exclusive jurisdiction over the Chapter 11 Case for the following purposes after the Effective Date:

a. to insure that the purpose and intent of the Plan are carried out;

b. to consider any modification of the Plan under section 1127 of the Bankruptcy Code before Substantial Consummation as defined in section 1101(2) of the Bankruptcy Code;

c. to hear and determine all Objections to Claims, controversies, motions, applications, suits and disputes that may be pending at or initiated after the Effective Date;

d. to classify the Claims of any creditor and to re-examine Claims which have been allowed for purposes of voting, and to determine Objections which may be filed to Claims;

e. to hear, determine, and enforce all claims and causes of action which may exist on behalf of the Debtor or his Estate, including but not limited to all causes of action available to the Debtor under Chapter 5 of the Bankruptcy Code;

f. to consider and act on the compromise and settlement of any Claim against or cause of action on behalf of the Debtor or the Estate;

g. to hear and determine all controversies, suits, and disputes that may arise in connection with the interpretation, execution, or enforcement of the Plan;

h. to hear and determine all requests for compensation and/or reimbursement of expenses for services rendered or expenses incurred prior to the Effective Date which may be made after the Effective Date of the Plan;

i.    to enforce and interpret by injunction or otherwise the terms and conditions of the Plan;

j.    to enter an order closing the Chapter 11 Case;

k.    to correct any defect, cure any omission, or reconcile any inconsistency in the Plan or Confirmation Order which may be necessary or helpful to purposes and intent of the Plan;

l.    to consider and act on such other matters consistent with the Plan as may be provided in the Confirmation Order;

m.    to issue orders in aid of execution and implementation of this Plan to the extent authorized by 11 U.S.C. § 1142 or provided by the terms of this Plan; and

n.    to decide issues concerning the Federal or state tax liability of the Debtor or the Reorganized Debtor which may arise in connection with the confirmation or consummation of this Plan.

**Limitation on Jurisdiction**

In no event shall the provisions of this Plan be deemed to confer in the Bankruptcy Court jurisdiction greater than that established by the provisions of 28 U.S.C. §§ 157 and 1334.

## XIV. CONDITIONS TO CONFIRMATION AND CONSUMMATION OF PLAN

**Conditions to Confirmation of Plan**

The Plan will not be effective unless (a) the Confirmation Order becomes a Final Order, and, (b) all Plan Documents and other applicable corporate documents necessary or appropriate to the implementation of the Plan have been executed, delivered, and where applicable, filed with the appropriate governmental authorities.

**Annulment of Plan if Conditions Not Waived or Satisfied**

28

The Debtor reserves the right to waive any of the conditions precedent to the effectiveness of either the Confirmation Order or the Plan. If any of the conditions precedent are not waived, and are not satisfied within the specified time periods or can no longer occur, the Confirmation Order will be annulled and the Debtor and all parties in interest will return to the status quo ante immediately before the entry of the Confirmation Order.

## XV. MISCELLANEOUS PROVISIONS

**Liabilities and Claims against the Debtor**

The Debtor's Schedules contain a detailed listing of creditors, together with the estimated amount of Claims. Creditors are referred to the Debtor's Schedules, a copy of which is attached as **Exhibit "A".** The Debtor's Schedules generally organize creditors into three general groupings: (1) Schedule D - Secured Claims, (2) Schedule E - Unsecured Priority Claims, and (3) Schedule F - Unsecured Non Priority Claims. Under the Bankruptcy Code, the Debtor may amend or supplement the Schedules as needed to ensure accuracy, completeness and fairness of disclosure.

**Payment of Fees**

The Reorganized Debtor shall timely pay post-confirmation quarterly fees assessed under 28 U.S.C. § 1930(a)(6) until such time as the Bankruptcy Court enters a final decree closing this Chapter 11 case, or enters an order either converting this case to a case under Chapter 7 or dismissing this case. After confirmation, the Reorganized Debtor shall file with the Bankruptcy Court and shall transmit to the United States Trustee a true and correct statement of all disbursements made by the Reorganized Debtor for each quarter, or portion thereof, that this Chapter 11 case remains open.

**Compliance with Tax Requirements**

In connection with this Plan, the Debtor shall comply with all withholding and

reporting requirements imposed by federal, state, and local taxing authorities, and Distributions hereunder shall be subject to such withholding and reporting requirements.

**Method of Surrender**

In the event that any property is surrendered pursuant to this Plan, the surrender shall be effective by the filing of a notice with the Clerk within 30 days of the Effective Date reflecting the Debtor's intent to surrender the property.

**Amendment of the Plan**

This Plan may be amended or modified by the Debtor before, or by the Reorganized Debtor after, the Effective Date as provided in section 1127 of the Bankruptcy Code. The Plan may be amended or modified by the Debtor with the approval of the Court after notice and hearing. If the Court finds after hearing on notice to any committee appointed under the Code and any other person designated by the Court that the proposed modification does not adversely change the treatment of the claim of any creditor or the interest of any equity security holder who has not accepted in writing the modification, it shall be deemed accepted by all creditors and equity security holders who have previously accepted the Plan.

Pursuant to 11 U.S.C. § 1127, the Debtor may modify this plan at any time before confirmation so long as the modification meets the requirements of §1122 and § 1123 of the Code.  Once the Debtor files a modification of the Plan with the Court, the Plan as modified becomes the Plan.  Further, §1127 (e) allows the Debtor, if he is an individual, to modify the Plan at any time after confirmation of the plan but before the completion of payments under the plan, whether or not the plan has been substantially consummated, upon the request of the Debtor, the United States Trustee, or the holder of an allowed unsecured claim, in order to:

    a.      increase or reduce the amount of payments on claims of a particular class provided for by the plan;

b.        extend or reduce the time period for such payments; or

c.        alter the amount of the distribution to a creditor whose claim is provided for
by the Plan to the extent necessary to take account of any payment of such
claim made other than under the Plan.

**Withdrawal of Plan**

The Debtor reserves the right to withdraw this Plan at any time prior to the
Confirmation Date. If the Debtor withdraws this Plan prior to the Confirmation Date, or, if
the Confirmation Date or the Effective Date does not occur, then this Plan shall be deemed
null and void. In such event, nothing contained herein shall be deemed to constitute an
admission, waiver or release of any Claims by or against the Debtor or any other person, or to
prejudice in any manner the rights of the Debtor, the Debtor's estate or any person in any
further proceedings involving the Debtor.

**Notices**

Any notices required to be given under this Plan shall be in writing. Any notice that is
allowed or required hereunder except for a notice of change of address shall be considered
complete on the earlier of (a) three days following the date the notice is sent by United States
mail, postage prepaid, or by overnight courier service, or in the case of mailing to a non-
United States address, air mail, postage prepaid, or personally delivered; or (b) the date the
notice is actually received. Notices shall be sent to:

(a)      If to the **Debtor**, at:

Tiffanee Dalton
920 Alta Oaks Dr.
Henderson, NV 89014

And

Charles T. Wright, Esq.
PIET & WRIGHT

31

777 N. Rainbow Boulevard, Suite 390
Las Vegas, Nevada 89107

(b)    If to the **U.S. Trustee**, at:

United States Trustee's Office
300 Las Vegas Boulevard South
Las Vegas, Nevada 89101

(c)    If to any Creditor in its capacity as such, at its address or facsimile number as reflected on its proof of claim or Notice of Appearance, if any.

(d)    To any counsel for the Reorganized Debtor at such address or facsimile number as provided by the Reorganized Debtor.

**Filing of Additional Documentation**

On or before the Effective Date, the Debtor may file with the Bankruptcy Court such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of this Plan.

**Implementation**

The Debtor and the Reorganized Debtor shall be authorized to perform all reasonable, necessary and authorized acts to consummate the terms and conditions of the Plan.

**Importance of Obtaining Professional Assistance**

**THE FOREGOING IS INTENDED TO BE A SUMMARY ONLY AND IS NOT A SUBSTITUTE FOR CAREFUL TAX PLANNING WITH A TAX PROFESSIONAL. THE FEDERAL, STATE, AND FOREIGN TAX CONSEQUENCES OF THE PLAN IS COMPLEX AND, IN MANY AREAS, UNCERTAIN. ACCORDINGLY, EACH HOLDER OF A CLAIM OR EQUITY INTEREST IS STRONGLY URGED TO CONSULT WITH HIS OWN TAX ADVISOR REGARDING SUCH TAX CONSEQUENCES.**

**Interim Operation**

From and after the filing of this Plan and until such time as the order confirming this Plan has become final, this Plan has failed and another plan is proposed and acted upon, or an appeal has been filed and disposed of, or an order of adjudication of bankruptcy is entered, the Debtor shall continue in its current status on the terms and conditions heretofore authorized by orders of the Bankruptcy Court. When the order of confirmation approving and confirming the Plan has become final and non-appealable, the rights and duties of the Debtor as Debtor-in-Possession appointed pursuant to order of the Bankruptcy Court: shall terminate, provided that the Debtor performs all acts and executes any and all documents, instruments, and agreements which it is required to execute to consummate and carry out this Plan.

The stay of actions and lien enforcement and all other matters provided for by Bankruptcy Code §362 shall remain effective and in full force until consummation of this Plan.

Respectfully submitted December 5, 2012

  /s/  Charles  T. Wright
Charles T. Wright, Esq.
777 N. Rainbow Blvd. Ste. 390
Las Vegas, NV 89107
Phone:  702-566-1212
Fax:  702-566-4833
*Attorney for Debtor*

33

**EXHIBIT A**

**DEBTOR'S SCHEDULES**

B6A (Official Form 6A) (12/07)

.

In re  **Tiffanee Dalton**                                                                 ,        Case No.   **2:10-bk-27135**
                                                        Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|:---:|---:|---:|
| **2 story, 3198 sq ft, 4 bedrooms, pool and spa.**<br>**Location: 395 Glocker Ct., Henderson, NV 89012** | | - | 273,500.00 | 580,147.56 |
| **2 story, 1386 sq. ft., 3 bedrooms**<br>**Location: 8242 Annual Ridge St., Las Vegas, NV 89139** | | - | 106,000.00 | 147,328.47 |

|  | | |
|---|---|---|
| Sub-Total > | 379,500.00 | (Total of this page) |
| Total > | 379,500.00 | |

__0__  continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

In re     **Tiffanee Dalton**                                                                         Case No.    **2:10-bk-27135**
                                            ,
                                         Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Bank Account: US BANK Checking Acct.** | - | 200.00 |
| | | **Bank Account: US BANK Corp Acct.** | - | 6,000.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **Office: 2005 Laptop** **Location: 395 Glocker Court, Henderson NV 89012** | - | 150.00 |
| | | **Furniture: Master Bedroom Furniture and Formal Livingroom** **Location: 395 Glocker Court, Henderson NV 89012** | - | 3,000.00 |
| | | **Appliances: Wine Refer** **Location: 395 Glocker Court, Henderson NV 89012** | - | 400.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | **Collectibles: Misc. Items Throughout house** **Location: 395 Glocker Court, Henderson NV 89012** | - | 500.00 |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | | **Jewelry: Diamond Earrings** **Location: 395 Glocker Court, Henderson NV 89012** | - | 5,000.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | **Firearms: Sig Sauer P380** **Location: 395 Glocker Court, Henderson NV 89012** | - | 500.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |

Sub-Total >         **15,750.00**
(Total of this page)

___2___    continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re __Tiffanee Dalton__ , Case No. __2:10-bk-27135__

Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

Sub-Total >    0.00
(Total of this page)

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Tiffanee Dalton**                                                    ,    Case No.    **2:10-bk-27135**
                                      Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|:---:|---|:---:|---:|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **Auto: 2008, Ford Exploler 36000 miles Location: 395 Glocker Court, Henderson NV 89012** | - | 18,371.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  | Sub-Total > | **18,371.00** |
|---|---:|---:|
|  | (Total of this page) | |
|  | Total > | **34,121.00** |

Sheet    **2**    of    **2**    continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

B6C (Official Form 6C) (4/10)

In re    **Tiffanee Dalton**                                    Case No.    **2:10-bk-27135**
_____                              _____
Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                             $146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter*
☐ 11 U.S.C. §522(b)(2)                                                      *with respect to cases commenced on or after the date of adjustment.)*
☑ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **Bank Account: US BANK Checking Acct.** | **Nev. Rev. Stat. § 21.090(1)(g)** | **75%** | **200.00** |
| | **Nev. Rev. Stat. § 21.090(1)(z)** | **50.00** | |
| **Bank Account: US BANK Corp Acct.** | **Nev. Rev. Stat. § 21.090(1)(g)** | **75%** | **6,000.00** |
| | **Nev. Rev. Stat. § 21.090(1)(z)** | **950.00** | |
| **Household Goods and Furnishings** | | | |
| **Office: 2005 Laptop** | **Nev. Rev. Stat. § 21.090(1)(b)** | **150.00** | **150.00** |
| **Location: 395 Glocker Court, Henderson NV 89012** | | | |
| **Furniture: Master Bedroom Furniture and Formal Livingroom** | **Nev. Rev. Stat. § 21.090(1)(b)** | **3,000.00** | **3,000.00** |
| **Location: 395 Glocker Court, Henderson NV 89012** | | | |
| **Appliances: Wine Refer** | **Nev. Rev. Stat. § 21.090(1)(b)** | **400.00** | **400.00** |
| **Location: 395 Glocker Court, Henderson NV 89012** | | | |
| **Books, Pictures and Other Art Objects; Collectibles** | | | |
| **Collectibles: Misc. Items Throughout house** | **Nev. Rev. Stat. § 21.090(1)(a)** | **500.00** | **500.00** |
| **Location: 395 Glocker Court, Henderson NV 89012** | | | |
| **Furs and Jewelry** | | | |
| **Jewelry: Diamond Earrings** | **Nev. Rev. Stat. § 21.090(1)(a)** | **5,000.00** | **5,000.00** |
| **Location: 395 Glocker Court, Henderson NV 89012** | | | |
| | | Total: **14,700.00** | **15,250.00** |

**0**    continuation sheets attached to Schedule of Property Claimed as Exempt

B6D (Official Form 6D) (12/07)

In re __Tiffanee Dalton__ ,      Case No. __2:10-bk-27135__
Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. xxxxx9413<br><br>Bac Home Loans Servici<br>450 American St<br>Simi Valley, CA 93065 | | - | Opened 8/09/06 Last Active 7/19/10<br><br>First Mortgage<br><br>2 story, 3198 sq ft, 4 bedrooms, pool and spa.<br>Location: 395 Glocker Ct., Henderson, NV 89012<br>Value $     273,500.00 | | | | 519,753.56 | 246,253.56 |
| Account No. xxxx3325<br><br>Bac Home Loans Servici<br>450 American St<br>Simi Valley, CA 93065 | | - | Opened 12/15/03 Last Active 7/16/10<br><br>First Mortgage<br><br>2 story, 1386 sq. ft., 3 bedrooms<br>Location: 8242 Annual Ridge St., Las Vegas, NV 89139<br>Value $     106,000.00 | | | | 147,328.47 | 41,328.47 |
| Account No. xxxxx9429<br><br>Bac Home Loans Servici<br>450 American St<br>Simi Valley, CA 93065 | | - | Opened 8/09/06 Last Active 3/01/10<br><br>Second Mortgage<br><br>2 story, 3198 sq ft, 4 bedrooms, pool and spa.<br>Location: 395 Glocker Ct., Henderson, NV 89012<br>Value $     273,500.00 | | | | 60,394.00 | 60,394.00 |
| Account No. xxxx6914<br><br>Ford Cred<br>Po Box Box 542000<br>Omaha, NE 68154 | | - | Opened 5/19/08 Last Active 8/01/10<br><br>Automobile Loan<br><br>Auto: 2008, Ford Exploler 36000 miles<br>Location: 395 Glocker Court, Henderson NV 89012<br>Value $     18,371.00 | | | | 23,014.29 | 4,643.29 |

__0__ continuation sheets attached

| | | |
|---|---|---|
| Subtotal<br>(Total of this page) | 750,490.32 | 352,619.32 |
| Total<br>(Report on Summary of Schedules) | 750,490.32 | 352,619.32 |

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com     Best Case Bankruptcy

B6E (Official Form 6E) (4/10)

.

In re    **Tiffanee Dalton**                                                          Case No.    **2:10-bk-27135**
_____,
                                    Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

    A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

    The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

    Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

    Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

    Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

    Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

    Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

    Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

    Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

                                    _____1_____  continuation sheets attached

B6E (Official Form 6E) (4/10) - Cont.

In re __Tiffanee Dalton_____,    Case No. __2:10-bk-27135_____
                                    Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

                                                    Taxes and Certain Other Debts
                                                    Owed to Governmental Units

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | | | |
| Account No. | | | | 2007 | | | | | | |
| **Internal Revenue Service** **110 City Parkway** **Las Vegas, NV 89106** | - | | | **Income Taxes** | | | | | 0.00 | |
| | | | | | | | | 2,721.87 | | 2,721.87 |
| Account No. | | | | | | | | | | |
| | | | | | | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | | | | | | |

Sheet __1___ of __1___ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | Subtotal | 0.00 | |
|---|---|---|---|
| | (Total of this page) | 2,721.87 | 2,721.87 |
| | Total | 0.00 | |
| | (Report on Summary of Schedules) | 2,721.87 | 2,721.87 |

B6F (Official Form 6F) (12/07)

In re  **Tiffanee Dalton**
_____,
Debtor

Case No.  **2:10-bk-27135**
_____

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxxxx xx-xxxx4638**<br><br>**Asset Acceptance Llc**<br>**Po Box 2036**<br>**Warren, MI 48090** | - | | **Opened 6/02/10 Last Active 1/01/08**<br>**Collection Target National Bank** | | | | **442.00** |
| Account No. **xxxxx3068**<br><br>**Bac Home Loans Servici**<br>**450 American St**<br>**Simi Valley, CA 93065** | - | | **Opened 9/02/05 Last Active 2/27/08**<br>**Mortgage- Foreclosed 2008**<br>**11243 Dolcetto Dr. Las Vegas NV**<br>**(First)** | | | | **0.00** |
| Account No. **xxxxx3084**<br><br>**Bac Home Loans Servici**<br>**450 American St**<br>**Simi Valley, CA 93065** | - | | **Opened 9/02/05 Last Active 2/25/08**<br>**Mortgage- Foreclosed 2008**<br>**11243 Dolcetto Dr. Las Vegas NV**<br>**(Second)** | | | | **0.00** |
| Account No. **xxxxx7766**<br><br>**Bac Home Loans Servici**<br>**450 American St**<br>**Simi Valley, CA 93065** | - | | **Opened 10/27/05 Last Active 11/21/08**<br>**Mortgage- Foreclosed 2008**<br>**1886 S. Camino Real, Washington UT**<br>**(First)** | | | | **0.00** |

__4__ continuation sheets attached

Subtotal
(Total of this page)

**442.00**

B6F (Official Form 6F) (12/07) - Cont.

In re     **Tiffanee Dalton**                                                    ,                Case No.    **2:10-bk-27135**
                                           Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. **xxxxx7774**<br><br>**Bac Home Loans Servici**<br>**450 American St**<br>**Simi Valley, CA 93065** | - | | | Opened 10/27/05 Last Active 9/01/08<br>Mortgage- Foreclosed 2008<br>1886 S. Camino Real, Washington, UT<br>(Second) | | | | 0.00 |
| Account No. **xxxx7873**<br><br>**Bac Home Loans Servici**<br>**450 American St**<br>**Simi Valley, CA 93065** | - | | | Opened 5/14/03 Last Active 8/01/05<br>Mortgage | | | | 0.00 |
| Account No. **xxxx0398**<br><br>**Bac Home Loans Servici**<br>**450 American St**<br>**Simi Valley, CA 93065** | - | | | Opened 5/14/03 Last Active 8/01/05<br>Mortgage | | | | 0.00 |
| Account No. **xxxx3325**<br><br>**Bac Home Loans Servici**<br>**450 American St**<br>**Simi Valley, CA 93065** | - | | | Opened 12/15/03 Last Active 7/30/09<br>Mortgage | | | | 0.00 |
| Account No. **xxxxxxxxxxxx8354**<br><br>**Barclays Bank Delaware**<br>**125 S West St**<br>**Wilmington, DE 19801** | - | | | Opened 11/01/06 Last Active 3/01/09<br>ChargeAccount | | | | 7,122.00 |

Sheet no. __1__ of __4__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)          **7,122.00**

B6F (Official Form 6F) (12/07) - Cont.

In re __Tiffanee Dalton__ ,   Case No. __2:10-bk-27135__

Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. **xxxxxx9527** | | | | Opened 5/20/05 Last Active 3/27/08 Automobile | | | | |
| **Bmw Financial Services** **5515 Parkcenter Cir** **Dublin, OH 43017** | - | | | | | | | **0.00** |
| Account No. **xxxxxxxxxxxx8799** | | | | Opened 3/06/07 Last Active 9/22/08 Collection Republic Services | | | | |
| **Coast 2 Coast Financia** **101 Hodencamp Rd Ste 120** **Thousand Oaks, CA 91360** | - | | | | | | | **505.00** |
| Account No. **xxxxxxxxxxxx4928** | | | | Opened 9/14/06 Last Active 7/08/10 | | | | |
| **Discover Fin Svcs Llc** **Po Box 15316** **Wilmington, DE 19850** | - | | | | | | | **4,178.00** |
| Account No. **xxxxxxxxxxxx7180** | | | | Opened 8/06/97 Automobile | | | | |
| **First American Fcu** **1 First American Way** **Santa Ana, CA 92707** | - | | | | | | | **Unknown** |
| Account No. **xxxxxxxxxxxx8924** | | | | Opened 2/01/97 Last Active 3/27/08 ChargeAccount | | | | |
| **Gemb/Dillards** **Po Box 981400** **El Paso, TX 79998** | - | | | | | | | **0.00** |
| Sheet no. __2__ of __4__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | | | | Subtotal (Total of this page) | | | | **4,683.00** |

B6F (Official Form 6F) (12/07) - Cont.

In re    **Tiffanee Dalton**                                              ,        Case No.    **2:10-bk-27135**
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxxxx-xxxxxx9070** | | | Opened 5/10/06 Last Active 3/30/09 ChargeAccount | | | | |
| Hsbc/Lucky Po Box 703 Wood Dale, IL 60191 | - | | | | | | 0.00 |
| Account No. **xxxx6072** | | | Opened 9/03/03 Last Active 5/31/05 Automobile | | | | |
| Jaguar Credit Po Box 111897 Nashville, TN 37222 | - | | | | | | 8.00 |
| Account No. **xxxxxx5724** | | | Opened 5/04/98 Last Active 6/14/99 ChargeAccount | | | | |
| Kay Jewelers 375 Ghent Rd Fairlawn, OH 44333 | - | | | | | | 0.00 |
| Account No. **xxxxxxxxx4420** | | | Opened 7/01/02 Last Active 10/18/07 ChargeAccount | | | | |
| Mcydsnb 9111 Duke Blvd Mason, OH 45040 | - | | | | | | 0.00 |
| Account No. **xxxxxx9090** | | | | | | | |
| RMS 1000 Cir 75th Parkway, Suite 400 Atlanta, GA 30339 | - | | | | | | 178.64 |

| | | |
|---|---|---|
| Sheet no. __3__ of __4__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | Subtotal (Total of this page) | 186.64 |

B6F (Official Form 6F) (12/07) - Cont.

In re    **Tiffanee Dalton**                                                                   ,          Case No.    **2:10-bk-27135**
                                        Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. **xxxxx0800**<br><br>**Silver State Schools C**<br>**4221 S Mcleod Dr**<br>**Las Vegas, NV 89121** | - | | | **Opened  9/26/96  Last Active  1/01/02** | | | | **0.00** |
| Account No. **xxxxxxxxxxxx0210**<br><br>**U S Bank**<br>**101 5th St E Ste A**<br>**Saint Paul, MN 55101** | - | | | **Opened  8/01/02  Last Active  7/30/10**<br>**ChargeAccount** | | | | **14,525.00** |
| Account No. **xx4571**<br><br>**United Recovery Group**<br>**11639 S 700 E Ste 200**<br>**Draper, UT 84020** | - | | | **Opened 12/13/07  Last Active  2/29/08**<br>**Collection Dixie Escalante Elec** | | | | **0.00** |
| Account No. **xxxxxx0515**<br><br>**Us Bank**<br>**Po Box 5227**<br>**Cincinnati, OH 45201** | - | | | **Opened  8/16/02  Last Active  2/01/03**<br>**Mortgage** | | | | **0.00** |
| Account No. | | | | | | | | |

Sheet no. __4___ of __4___ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | |
|---|---|
| Subtotal<br>(Total of this page) | **14,525.00** |
| Total<br>(Report on Summary of Schedules) | **26,958.64** |

B6G (Official Form 6G) (12/07)

.

In re    **Tiffanee Dalton**                                    ,    Case No.    **2:10-bk-27135**
                          Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **Brenda Carrillo**<br>**8242 Annual Ridge St.**<br>**Las Vegas, NV 89139** | **Lessor on Lease**<br>**signed 2/24/2011**<br>**expires 2/28/2012** |
| **Lance M. Griffith**<br>**395 Glocker Ct.**<br>**Henderson, NV 89012** | **Lessor on Lease**<br>**Signed 2/8/2011**<br>**Expires 2/14/2012** |

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

B6H (Official Form 6H) (12/07)

.

In re   **Tiffanee Dalton**                                              ,          Case No.    **2:10-bk-27135**
Debtor

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■   Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

**0**
___ continuation sheets attached to Schedule of Codebtors

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                                                      Best Case Bankruptcy

B6I (Official Form 6I) (12/07)

In re  **Tiffanee Dalton**                                                                                                  Case No.  **2:10-bk-27135**
_____
Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Divorced** | RELATIONSHIP(S):<br>**Daughter** | AGE(S):<br>**14 months** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Broker** | |
| Name of Employer | **The Dalton Wilson Group** | |
| How long employed | | |
| Address of Employer | **8225 W. Sahara Ave. Ste. H**<br>**Las Vegas, NV 89117** | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | **5,000.00** | $ | **N/A** |
| 2. Estimate monthly overtime | $ | **0.00** | $ | **N/A** |
| 3. SUBTOTAL | $ | **5,000.00** | $ | **N/A** |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
|    a. Payroll taxes and social security | $ | **0.00** | $ | **N/A** |
|    b. Insurance | $ | **0.00** | $ | **N/A** |
|    c. Union dues | $ | **0.00** | $ | **N/A** |
|    d. Other (Specify): | $ | **0.00** | $ | **N/A** |
| | $ | **0.00** | $ | **N/A** |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | **0.00** | $ | **N/A** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | **5,000.00** | $ | **N/A** |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | **0.00** | $ | **N/A** |
| 8. Income from real property | $ | **2,275.00** | $ | **N/A** |
| 9. Interest and dividends | $ | **0.00** | $ | **N/A** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | **0.00** | $ | **N/A** |
| 11. Social security or government assistance (Specify): | $ | **0.00** | $ | **N/A** |
| | $ | **0.00** | $ | **N/A** |
| 12. Pension or retirement income | $ | **0.00** | $ | **N/A** |
| 13. Other monthly income (Specify): | $ | **0.00** | $ | **N/A** |
| | $ | **0.00** | $ | **N/A** |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | **2,275.00** | $ | **N/A** |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | **7,275.00** | $ | **N/A** |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | $ | | **7,275.00** |

(Report also on Summary of Schedules and, if applicable, on
Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

B6J (Official Form 6J) (12/07)

In re **Tiffanee Dalton**                                                                Case No.    **2:10-bk-27135**

Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 1,200.00 |
| a. Are real estate taxes included?  Yes ___   No **X** | | |
| b. Is property insurance included?  Yes ___   No **X** | | |
| 2. Utilities:   a. Electricity and heating fuel | $ | 265.00 |
| b. Water and sewer | $ | 100.00 |
| c. Telephone | $ | 0.00 |
| d. Other  **See Detailed Expense Attachment** | $ | 291.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 0.00 |
| 4. Food | $ | 450.00 |
| 5. Clothing | $ | 150.00 |
| 6. Laundry and dry cleaning | $ | 20.00 |
| 7. Medical and dental expenses | $ | 0.00 |
| 8. Transportation (not including car payments) | $ | 450.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 100.00 |
| 10. Charitable contributions | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | $ | 0.00 |
| b. Life | $ | 0.00 |
| c. Health | $ | 0.00 |
| d. Auto | $ | 173.00 |
| e. Other  **Daughter's Health Insurance** | $ | 145.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | $ | 735.00 |
| b. Other | $ | 0.00 |
| c. Other | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other  **See Detailed Expense Attachment** | $ | 350.00 |

| | | |
|---|---|---:|
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 4,429.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

| | | |
|---|---|---:|
| 20. STATEMENT OF MONTHLY NET INCOME | | |
| a.   Average monthly income from Line 15 of Schedule I | $ | 7,275.00 |
| b.   Average monthly expenses from Line 18 above | $ | 4,429.00 |
| c.   Monthly net income (a. minus b.) | $ | 2,846.00 |

B6J (Official Form 6J) (12/07)

In re    **Tiffanee Dalton**                                          Case No.    **2:10-bk-27135**
                                                        Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Detailed Expense Attachment

**Other Utility Expenditures:**

| | | |
|---|---|---|
| **Cox** | $ | **50.00** |
| **Dish** | $ | **85.00** |
| **Cell Phone** | $ | **156.00** |
| **Total Other Utility Expenditures** | $ | **291.00** |

**Other Expenditures:**

| | | |
|---|---|---|
| **Babysitter** | $ | **250.00** |
| **HOA - Glocker** | $ | **15.00** |
| **HOA - Annual Ridge** | $ | **85.00** |
| **Total Other Expenditures** | $ | **350.00** |